(56 Misc. Rep. 589.)

ROBINSON CLAY PRODUCT CO. v. AMERICAN LOCOMOTIVE CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

1. SALES—DELIVERY—TIME FOR DELIVERY.
   When a date for delivery is mentioned in a contract of sale, the goods must be delivered on that day, and, if not, the purchaser may usually refuse to accept a subsequent tender; and in ordinary cases, where no specified time for delivery is mentioned, delivery must be made within a reasonable time after the making of the contract.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 218.]

2. SAME.
   What constitutes a reasonable time for delivery under a contract of sale usually depends upon the circumstances of the case, such as the parties may be supposed to have contemplated in a general way when making the contract.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 218.]

3. SAME.
   In a contract of sale, defendant's requirement that the shipment of goods should be the "earliest possible" must be construed as meaning that the goods should be sent as soon as plaintiff could possibly send them, and

signified rather more than that the goods should be sent within a reasonable time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 219.]

4. SAME—RESCISSION BY BUYER—DELAY IN DELIVERY.

In an action for goods sold and delivered, evidence examined, and *held* not to support defendant's contention that a delay of 39 days in sending the goods justified defendant's cancellation of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 291.]

5. SAME—ACTIONS FOR PRICE—SUFFICIENCY OF EVIDENCE.

In an action for goods sold and delivered, where the price was fixed at a certain discount from the regular list price, less freight, testimony by plaintiff's agent that he was entirely familiar with the price of the goods in question, and that the lowest net price was $122.64, and the freight $21.60, leaving a balance of $101.04, was sufficient to sustain a judgment of $101.04 for plaintiff, though the agent had not seen the goods shipped, where the quantity and class of the goods were undisputed, and his statement of the net price was evidently taken by making the agreed deductions from the price list.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Robinson Clay Product Company against the American Locomotive Company for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Simpson, Thatcher & Bartlett (Arthur S. Hamlin, of counsel), for appellant.

George D. Beattys, for respondent.

GILDERSLEEVE, J. Defendant wrote to plaintiff on October 25, 1906, requesting a quotation of prices on specified varieties of sewer pipe and a statement of the date of the "earliest possible delivery." The plaintiff replied on October 27, 1906, that it could furnish the pipe "at 83 per cent. discount from list, allowing freight to destination," and that it had all the articles on hand, with one exception—i. e., "the 12x12x12 V branch"—and that it "could make immediate shipment on receipt of order." The exception above mentioned was only a single item out of some 32 items specified in defendant's letter of October 25th. Thereafter, and on November 19th, defendant sent an order for the goods specified, upon which order was also written the words: "Shipment: Earliest possible." The order was accepted, and part of the pipe was shipped on November 27, 1906, and defendant paid for the same. The balance of the pipe, comprising the greater portion of the order and many items beside the exception above mentioned in plaintiff's letter of October 27th, was not shipped from plaintiff's factory until December 28, 1906, 31 days after the shipment of the first car load of goods, and 39 days after the giving of the order. On account of this long delay defendant claims to have obtained the articles elsewhere and refused to accept the shipment from plaintiff or to pay for the pipe. It notified plaintiff by telegram on December 26th, two days before the pipe was sent from plaintiff's factory, that it would not accept delivery after such delay.

This telegram, however, was signed by one Van Alstyne without prefixing the name of defendant, and plaintiff's agents claimed they did not know Van Alstyne was the representative of defendant. The plaintiff brought this action to recover the price of the pipe in the second shipment, and the court gave judgment in plaintiff's favor. Defendant appeals.

When a specified date for delivery is mentioned in the contract, the goods must be delivered on that day, and in case of failure the purchaser may usually refuse to accept a subsequent tender; and in ordinary cases of sales, where no specific time for delivery is mentioned in the contract, delivery must be made within a reasonable time after the making of the contract. What constitutes a reasonable time usually depends upon the circumstances of the particular case, such as the parties may be supposed to have contemplated in a general way when making the contract. Eppens v. Littlejohn, 164 N. Y. 191, 58 N. E. 19, 52 L. R. A. 811. The requirement of defendant that the shipment of the goods should be the "earliest possible" must be construed as meaning that the goods should be sent as soon as plaintiff could possibly send them, and signified rather more than that the goods should be sent within a reasonable time. It was what may be called a "hurry order." Is there anything to indicate that it was in the contemplation of the parties, at the time of making the contract, that unless the goods were sent before December 29, 1906, the defendant was to be at liberty to refuse acceptance, and was the delay of 39 days an unreasonable one? We should be inclined to hold that defendant's request in the first instance for a statement of the time of the "earliest possible delivery," and plaintiff's reply that it had all the articles on hand with one exception, and that it "could make immediate delivery on receipt of order," together with defendant's request in the order itself that the shipment should be the "earliest possible," made it clear that it was contemplated by the parties in making the contract that all possible haste in delivery was to be an element of said contract, and that, in view of such understanding, a delay of 39 days was an unreasonable one, were it not for certain qualifying circumstances. On the letter head of the plaintiff's letter of October 27, 1906, conspicuously appeared the words:

"Quotations are for prompt acceptance. Shipments are subject to strikes, accidents, car supply, and delays beyond our control."

After waiting a few days to hear again from defendant, plaintiff sent a representative to defendant to urge defendant to give the order, and stated to defendant's representative that it was necessary for plaintiff to have the order at once if defendant wanted a quick delivery, that there was a car shortage that was increasing, and that it would be difficult for defendant to get its goods as quickly as it might want them. After calling several times in vain, plaintiff's representative abandoned his efforts to secure the order. Defendant waited until November 19th before giving the order, with full notice that delay in giving the order might result in considerable delay in receiving the goods after the order had been given, and that plaintiff's quotations

in its letter of October 27th were "for prompt acceptance," and that "shipments were subject to strikes, accidents, car supply, and delays beyond plaintiff's control." It will, therefore, be seen that defendant has been guilty of delay, as well as plaintiff. That plaintiff, on receiving the order, nearly a month after its letter of October 27th, had ceased to have all the articles, with one exception, on hand, and that it could no longer make shipment immediately, is apparent from plaintiff's undenied inability to get the goods ready and ship the same. There is nothing to indicate that plaintiff had received any intimation that defendant intended to cancel the contract for the failure of plaintiff to make a prompt or immediate delivery, until the goods had actually been sent and tendered to defendant on or about December 28th, except the telegram of December 26th, signed by one Van Alstyne, who was unknown to plaintiff, and whom plaintiff was unable to connect with defendant, the American Locomotive Company. Under the circumstances indicated we are inclined to the opinion that the evidence does not support defendant's contention that the delay in sending the goods justified a cancellation by defendant of the contract of purchase and sale.

The errors presented on rulings upon the evidence are not of such a serious character as to require a reversal. The price of the goods was fixed in the contract at 83 per cent. discount from the regular list price, less freight to Dunkirk, less 2 per cent. if paid in 15 days. No list of prices was put in evidence, nor was any testimony given as to what the list price was, except the general statement of one Lowenthal, an agent of plaintiff, who said he was entirely familiar with the class of goods in question, and that the lowest net price of the goods on the car sent to defendant was $122.64, and that the freight to Dunkirk was $21.60, making $101.04, for which sum, with interest and costs, judgment was given in favor of plaintiff. Although this witness has not actually seen the goods on the car, the quantity and class of those goods are undisputed, and his statement of the net price is evidently taken by making the contract deductions from the price list. If his evidence was too indefinite to satisfy defendant's counsel, he could have gone into further detail on the cross-examination; but he did not see fit to do so. While this evidence is open to criticism, we do not think, under all the circumstances of the case, that there was insufficient proof of the agreed price to sustain the finding of the court below in that regard.

Upon the whole case, we are of opinion that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.